UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE ALEXANDER BANKS,

    Plaintiff,

v.                                  Case No:    2:19-cv-756-FtM-38NPM

THE PEOPLE OF THE STATE OF
FLORIDA, FLORIDA ATTORNEY
GENERAL OFFICE, BROWARD
COUNTY SHERIFF'S OFFICE, LEE
COUNTY SHERIFF'S OFFICE,
FLORIDA HIGHWAY PATROL,
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
17TH CIRCUIT COURT BROWARD
COUNTY, 20TH CIRCUIT COURT
LEE COUNTY, BB&T BANK,
SUNCOAST CREDIT UNION,
SUNTRUST BANK, BANK OF
AMERICA, SAM GALLOWAY FORD,
INC., and SHENANDOAH GENERAL
CONSTRUCTION COMPANY,

    Defendants.

**REPORT AND RECOMMENDATION**[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This matter is before the Court on the "Bill of Complaint in Equity Presentment to Cure and Jurisdiction" (Doc. 1) and its accompanying "Affidavit of Indigency," the latter of which seeks leave to proceed in forma pauperis ("IFP"), that is, without the prepayment of filing fees or costs of service.  (Doc. 2).

When a litigant seeks to proceed IFP, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.[2]  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

Here, the Complaint is replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement."  *See Sealey v. Branch Banking and Trust Co.*, Case No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019).[3]  And the arguments and legal theories espoused by

---

[2] This statute section governs IFP actions instituted by prisoners, but has been interpreted to apply to all litigants requesting leave to proceed IFP.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] It likewise appears from other documents filed in this matter (for example, Doc. 9 & Doc. 11) that Plaintiff seeks to misuse the resources of this Court to publish so-called "decrees," "contracts" and other illegitimate or fraudulent instruments based on "the specious 'redemptionist' theory" common among sovereign citizen and tax protestor movements.  *McManus v. Kameen*, No. 3:CV–14–469, 2014 WL 1745884, at *2 n.1 (M.D. Penn. Apr. 30, 2014).

sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). Accordingly, federal circuit and district courts throughout the country routinely deny IFP status and order or affirm, as the case may be, the *sua sponte* dismissal of such cases. *See, e.g., Trevino v. Florida*, 687 F. App'x. 861, 862 (11th Cir. 2017); *Carroll v. Moorehead*, 710 F. App'x. 346, 347 (10th Cir. 2018); *West v. Bornunda*, 698 F. App'x. 224, 225 (5th Cir. 2017); *Moose v. Krueger*, No. 16-3954, 2017 WL 3597723 at *1 (7th Cir. Apr. 4, 2017). Indeed, in the first instance, litigants are "lucky to be spared sanctions for filing such a suit." *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017).[4]

The Court recognizes that when reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). But this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165,

---

[4] In fact, various individuals have been prosecuted and incarcerated for public record or tax related filings based on sovereign-citizen theories. *See, e.g., United States v. Croteau*, 819 F.3d 1293 (11th Cir. 2016) (affirming 56-month sentence imposed by this Court for filing tax returns based on sovereign-citizen theories); *State v. Eilertson*, No. A14–1675, 2015 WL 46576 (Minn. Ct. App. Jan. 5, 2016) (affirming 23-month sentence for filing instruments based on sovereign-citizen theories).

1168-69 (11th Cir. 2014). Pro se litigants are also required to conform to the procedural rules. *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 5807507, at *1 (M.D. Fla. Nov. 6, 2018).

Here, Plaintiff fails to conform to the procedural rules and does not offer a viable complaint. Given the most liberal construction, Plaintiff neither alleges how this Court has jurisdiction over this matter nor states a valid cause of action. Though adorned with pseudo-legalese, the complaint in this action is simply nonsensical. While the Court would usually provide a pro se party at least one opportunity to amend a pleading prior to dismissal, complaints such as these are properly dismissed without leave to amend. *Henry v. Fernandez-Rundle*, 773 Fed. Appx 596, 597 (11th Cir. 2019) (affirming dismissal without leave to amend of a similarly frivolous, sovereign-citizen like complaint); *see also Tsidhqiyah El*, 2018 WL 6621371, at *2 (citing *Linge v. State of Georgia Inc.,* 569 F. App'x. 895, 896 (11th Cir. 2014) (reasoning that sovereign citizen theories are "wholly insubstantial and frivolous")). Because Plaintiff's complaint is fundamentally frivolous and not merely deficient, the Court recommends that the Affidavit of Indigency, construed as a motion to proceed IFP, be denied and this action be dismissed without affording Plaintiff an opportunity to amend. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016), *report and recommendation adopted*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016) (dismissing sovereign-citizen like complaint without leave to

amend).[5]

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

(1) The Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed in Forma Pauperis, be **DENIED**.

(2) The Complaint (Doc. 1) be **DISMISSED** and all pending motions and deadlines be terminated.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 17, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[5] Notably, this is one of three cases recently filed by the same plaintiff with similar overtones, and when denying reconsideration of an order of dismissal in one of them, the Court cautioned: **"Plaintiff is further warned that if he continues to file such frivolous arguments with this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court."**  *Banks v. Shenandoah General Construction Co.*, No. 2:19-cv-754-T-60MRM (M.D. Fla. Nov. 15, 2019).